# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH & SECURITY FUND et al,<br><br>        Plaintiff(s),<br>  v.<br><br>GREYROCK DRILLING & PILEDRIVING LLC,<br><br>        Defendant(s). | CASE NO. 2:22-cv-00648-TL<br><br>ORDER |

    This matter comes before the Court on Plaintiffs' motion for an order authorizing the release of information from the Washington State Employment Security Division ("ESD") (Dkt. No. 13). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

    Plaintiffs, the Boards of Trustees of joint labor management trust funds governed by the Employee Retirement Income Security Act of 1974, filed a complaint alleging that Defendant,

ORDER - 1

Greyrock Drilling & Piledriving LLC, has failed to make employee benefit contributions to the funds. *See* Dkt. No. 1. Defendant failed to answer or otherwise respond to the Complaint.

Default was entered against Defendant by the Clerk of the Court on August 24, 2022. Dkt. No. 11. The Court also set a deadline for Plaintiffs to file a motion for default judgment or seek other relief by September 24, 2022. Dkt. No. 12. On September 21, Plaintiffs moved to compel production of certain employment records from ESD. Dkt. No. 13.

In order to file a motion for default judgment, Plaintiffs require payroll information to calculate amounts owing; however, Defendant has failed to provide such information as required by the Plaintiffs' Trust Agreements and Collective Bargaining Agreements. Dkt. No. 14 at 3–5. Accordingly, Plaintiffs seek personnel information from the ESD to assist them in determining the amounts due. Dkt. No. 13. Specifically, Plaintiffs would like to subpoena "all records in the possession of the [ESD] regarding employees of Greyrock Drilling & Piledriving LLC for January 2020 through present." Dkt. No. 15 at 4. Such records are ordinarily private and confidential, RCW 50.13.020, but they "shall be available" to parties in judicial proceedings "upon a written finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records," RCW 50.13.070. Plaintiffs ask the Court to make this finding. *See* Dkt. No. 13.

Having reviewed Plaintiffs' motion, the supporting declaration, proposed subpoena, and the relevant record, the Court finds that the need for the information and records Plaintiffs seek from the ESD outweighs any reasons for their privacy and confidentiality. *See* RCW 50.13.070. The information that Plaintiffs seek is necessary in this action, and Plaintiffs assure the Court that the information will be reviewed only for the purposes of determining the amounts owed to Plaintiffs and that such information will be retained by Plaintiffs' counsel and auditor as confidential material. Dkt. No. 14 at 3.

Accordingly, it is hereby ORDERED:

(1) The Court GRANTS Plaintiffs' motion (Dkt. No. 13) and AUTHORIZES the issuance of the proposed subpoena (Dkt. No. 15).

(2) Plaintiffs are DIRECTED to attach a copy of this Order to the subpoena when served.

(3) Plaintiffs' deadline to file a motion for default judgment or seek other relief is EXTENDED to **sixty (60) days** from the date of this Order. Absent such action, the Court may dismiss this case for failure to prosecute.

Dated this 1st day of November 2022.

Tana Lin
United States District Judge