United States District Court
Western District of Washington
at Seattle

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH & SECURITY FUND et al,<br><br>            Plaintiffs,<br>    v.<br><br>GREYROCK DRILLING & PILEDRIVING LLC,<br><br>            Defendant. | Case No. 2:22-cv-00648-TL<br><br>Order Granting Motion for Default Judgment |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. Dkt. No. 17. Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion.

I.  Background

Plaintiffs are joint labor-management trust funds created pursuant to Section 302(c)(5) of the Labor Management Relations Act and are subject to the Employee Retirement Income Securities Act of 1974 ("ERISA"). Dkt. No. 1 ¶ 1.1 (complaint). Plaintiffs provide retirement,

health, and training benefits to their eligible members, retirees, and their beneficiaries. *Id.* They allege that Defendant Greyrock Drilling and Piledriving LLC entered "into the I.U.O.E. Local 302 Master Labor Agreement of Western Washington (MLAWW) Compliance Agreement" ("Agreement"). *Id.* ¶¶ 1.2, 3.2. The Agreement required Greyrock to submit monthly reports and contributions to Plaintiffs on or before the 15th day of each month in which hours covered by the Agreement were worked. *Id.* ¶ 3.3. Greyrock agreed to pay liquidated damages and interest for failure to comply with these requirements. Dkt. No. 19 ¶ 7; Dkt. No. 19-2 (Revised Trust Agreement). And Greyrock agreed to pay all costs of collection, including administrative costs, attorney's fees and costs, and service fees. Dkt. No. 19 ¶ 7; Dkt. No. 19-2. Specifically, Greyrock agreed to pay liquidated damages of 12% on any delinquent contributions owed each month, with a minimum charge of $25.00 per month. Dkt. No. 19 ¶ 7; Dkt. No. 19-2. And Greyrock agreed to pay interest at a rate of 12% per annum upon each monthly contribution delinquency from the date the contributions become first due. Dkt. No. 19 ¶ 7; Dkt. No. 19-2.

Greyrock failed to make contributions to Plaintiffs for covered work performed by Greyrock's employees from January 2020 to September 2022. *See* Dkt. No. 18 ¶¶ 5–6; Dkt. No. 18-1. Plaintiffs performed an audit of the payroll records and determined the number of reportable hours and the amount of fringe benefit contributions due that had not been remitted. Dkt. No. 18 ¶¶ 4–5. Plaintiffs' audit determined the following amounts were due: (1) $90,603.74 in unpaid contributions; (2) $11,045.71 in liquidated damages; and (3) $13,854.44 in accrued interest as of November 15, 2022. Dkt. No. 18 ¶¶ 6–7; Dkt. No. 18-1. Plaintiffs incurred $1,358.00 in audit fees and costs. Dkt. No. 18 ¶¶ 6–7.

Plaintiffs filed suit alleging that Greyrock violated the terms of the Agreement and ERISA § 512, 29 U.S.C. § 1145. Dkt. No. 1 ¶¶ 3.1–3.12. After being properly served, Greyrock failed to appear, and Plaintiffs moved for and obtained an order of default. *See* Dkt. Nos. 8, 10,

11. With evidentiary support, Plaintiffs ask the Court to enter default judgment in their favor and award them: (1) $90,603.74 in unpaid contributions; (2) $11,045.71 in liquidated damages; (3) $13,854.44 in accrued interest as of November 15, 2022; and (4) $1,3580.00 in audit fees and costs. Dkt. No. 18 ¶¶ 6–7; Dkt. No. 18-1. Plaintiffs also seek $5,661.75 in attorney's fees and $543.76 in legal costs incurred in litigating this action. Dkt. No. 20 ¶¶ 8–9. They also ask the Court to specify that the post-judgment interest rate shall be 12% per annum in accordance with the Agreement. *Id.* ¶ 11; Dkt. No. 19 ¶ 7; Dkt. No. 19-2.

## II.   LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The Court also finds that venue is proper under

29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs are administered in this District. *See* Dkt. No. 1 ¶ 2.3.

Considering the *Eitel* factors, the Court finds that entry of default judgment is proper. First, the Court finds that Plaintiffs and the covered employees would be prejudiced absent an order of default judgment for the amounts due to the Plaintiff trusts for various bargained-for benefits. Second, taking the allegations in Plaintiffs' complaint as true and considering the supporting materials, Plaintiffs have sufficiently pled meritorious claims for delinquent contributions. Third, there is no evidence to suggest the default was due to excusable neglect, as Greyrock was served with process and failed to defend this action altogether. Fourth, the Court finds no evidence that there are likely disputes of fact. The *Eitel* factors thus favor entry of default judgment, notwithstanding the strong policy under the Federal Rules of Civil Procedure that claims be resolved through contested litigation.

The Court finds that Plaintiffs have submitted sufficient evidence to confirm the following amounts are due under the Agreement: (1) $90,603.74 in unpaid contributions; (2) $11,045.71 in liquidated damages; (3) $13,854.44 in accrued interest as of November 15, 2022; and (4) $1,3580.00 in audit fees and costs. Dkt. No. 18 ¶¶ 6–7; Dkt. No. 18-1. The Court also finds that post-judgment interest shall accrue at 12% per annum from the date of entry of judgment. Dkt. No. 19 ¶ 7; Dkt. No. 19-2. But because the prejudgment interest was calculated only through November 15, 2022, the Court requests that Plaintiffs submit a revised prejudgment interest calculation so that the final judgment entered reflects an accurate prejudgment interest calculation. Once the Court receives and reviews that calculation, it will direct entry of a separate judgment reflecting the revised amount of prejudgment interest.

Plaintiffs are also entitled to attorney's fees under the criteria outlined in *Kerr v. Screen Extras Guild, Inc.*:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Plaintiffs have supported each of these factors in the declaration of counsel (*see* Dkt. No. 20), and the Court finds this evidence persuasive. Plaintiffs have provided a sufficiently precise accounting of their attorney's fees and costs to justify the request of $5,661.75 in attorneys' fees and $543.76 in legal costs. These appear reasonable in light of the experience and skill of counsel, the rates requested and hours expended, and the efforts and results achieved.

### IV. CONCLUSION

The Court finds that Plaintiffs are entitled to entry of default judgment in their favor on the amounts requested and GRANTS the Motion (Dkt. No. 17). Given the passage of time since Plaintiffs moved for default judgment and its entry, the Court ORDERS Plaintiffs file an updated prejudgment interest calculation within **ten (10) days** of entry of this Order. The Court will then review the calculations and direct entry of judgment in the appropriate amounts as reflected in this Order and based on its review of any newly calculated prejudgment interest.

Dated this 22nd day of March 2023.

Tana Lin
United States District Judge